IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HEATHER A. HEMBREE,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO d/b/a WELD
COUNTY DIVISION OF HUMAN SERVICES' TRANSPORTATION DEPARTMENT,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW the plaintiff, HEATHER A. HEMBREE ("Mrs. Hembree"), by and

through her attorney, LONN M. HEYMANN of the LONN HEYMANN LAW FIRM, P.C., and

for her Complaint and Jury Demand in this matter alleges and avers the following:

### JURISDICTIONAL ALLEGATIONS AND VENUE

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, relating to

federal question and 28 U.S.C. §1343(3) and (4) which grant original jurisdiction to the Federal

District Court in actions which arise under federal civil rights laws.  This action for damages is

commenced pursuant to 42 U.S.C. §§2000e, et seq., otherwise know as Title VII of the Civil

Rights Act of 1964, including §2000e(k), otherwise known as the Pregnancy Discrimination Act

of 1978, pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981a, pursuant to 42 U.S.C.

§1983, and pursuant to 29 U.S.C. §2615(a)(1), otherwise known as the Family and Medical

Leave Act of 1993.

2.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) and other statutory provisions concerning venue.  All of the defendants are citizens and residents of the State of Colorado.  All of the events, or omissions, giving rise to the claims occurred in the District of Colorado.

3.      Plaintiff has exhausted all necessary administrative remedies.  She has timely filed Charges of Discrimination with the Equal Employment Opportunity Commission and has been issued notices of right to sue.  This action has been timely brought.  Plaintiff hereby realleges all allegations made in her EEOC Charges and incorporates same herein.

### PARTIES

4.      Plaintiff, Heather A. Hembree ("Mrs. Hembree"), is a female citizen of the United States and has been at all times relevant herein a resident of the State of Colorado.

5.      At all times relevant to this Complaint, Mrs. Hembree was an employee of the Weld County Division of Human Services' Transportation Department, an agency of Weld County, Colorado ("Weld County").  The Board of County Commissioners is the governing entity of Weld County, Colorado.

6.      At all times relevant herein, Plaintiff was a qualified employee, hired as a CDL-licensed bus driver.  Mrs. Hembree worked as a bus driver for Weld County for more than three years.

7.      Defendant, County Commissioners of Weld County, Colorado d/b/a Weld County Division of Human Services' Transportation Department ("Weld County") is Plaintiff's former

employer and are an "employer" as that term is defined in Title VII and the FMLA.  Weld

County, Colorado, at all times relevant to this Complaint, had 15 or more employees.

8.    Patsy Drewer, Mike Yost and Walt Speckman were, at all time relevant to this

Complaint, supervisors working for the Weld County. Many of the decisions pertinent to the

claims made in this Complaint were made by or communicated to Mrs. Hembree by these

supervisors.

## ADMINISTRATIVE PROCEDURES

9.    On or about December 23, 2003, Mrs. Hembree timely filed a Charge of

Discrimination with the EEOC (Charge Number 32A200600125) and simultaneously with the

Colorado Civil Rights Division.  In her charge, Mrs. Hembree alleged sex discrimination in

violation of Title VII and pregnancy discrimination.  On September 28, 2006, the U.S.

Department of Justice, Employment Litigation Section, mailed a Notice Of Right To Sue Within

90 Days (dated September 27, 2006) to Ms. [sic] Heather A. Hembree.

10.    This action followed and is timely filed.

## GENERAL ALLEGATIONS

11.    The dispatcher for the Weld County Transportation Department was responsible

for assigning buses, specific jobs on the buses and number of hours worked.

12.    Drivers hired by the Weld County Minibus Division worked with Head Start.  The

drivers either drove the minibuses or acted as monitors for the children.  Woman were

disproportionately designated as monitors.

13.    Drivers working for Weld County get benefits if they work 20 hours or more each

week.

14.    Mrs. Hembree, and other women, could typical get only 10 to 20 hours of work each week.  Women were kept under 20 hours of work per week to deliberately deprive them of benefits.

15.    Although Mrs. Hembree had difficulty obtaining more hours of work, some men were hired, starting with overtime pay.  Some of these men did not have CDLs when they started working as bus drivers.  At the time that some men were hired, some women lost hours.

16.    On occasion Mrs. Hembree would take time authorized under the Family and Medical Leave Act, such as taking time when ill, taking time to care for her mother when she had a heart attack, taking time to care for her children when they were sick.  When Mrs. Hembree would take time off for these reasons, she would get no more hours to work that week.

17.    On July 27, 2005, when approximately three months pregnant, Mrs. Hembree was dismissed.  Mrs. Hembree intended to work through her pregnancy.  However, Mrs. Hembree's supervisors had a discriminatory animus against Mrs. Hembree due to her pregnancy.  Due to Weld County's unjustified termination of Mrs. Hembree's employment, Mrs. Hembree suffered significant stress during her pregnancy.  Due to the lost after losing her job, Mrs. Hembree was forced to refinance her house.  In spite of significant effort Mrs. Hembree found it difficult to find another job during her pregnancy.

18.    On March 8, 2006, Mrs. Hembree's son, Bailey was born.

19.    On April 3, 2006, Mrs. Hembree was rehired by Weld County.  She was assigned few hours (while the men were assigned overtime), and eventually found another job with the Weld County School District.

20.    Due to the gender and pregnancy discrimination and other wrongful and illegal acts

4

of Weld County, Mrs. Hembree has lost wages and fringe benefits, has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses.

21.   Plaintiff is entitled to reasonable attorney's fees, costs, and interest according to law.

22.   Plaintiff has performed all conditions precedent.

### FIRST CLAIM FOR RELIEF
### (Title VII Gender Discrimination – Pregnancy Discrimination )

23.   Plaintiff hereby realleges paragraphs 1 through 22 above and incorporates same herein.

24.   Plaintiff is a female and therefore is the member of a protected class.

25.   Plaintiff was qualified and performed her job satisfactorily.

26.   Plaintiff suffered the following adverse employment actions: Defendant Weld County denied Mrs. Hembree work hours (including the opportunity to get overtime) comparable to male employees, dismissed Mrs. Hembree , otherwise discriminating against Mrs. Hembree in the terms and conditions of employment, and retaliated against Mrs. Hembree.

27.   Plaintiff's pregnancy was a motivating factor in Defendant Weld County's decision to terminate the employment of Mrs. Hembree, and otherwise discriminating against Mrs. Hembree in the terms and conditions of employment, and to retaliate against Mrs. Hembree.

### SECOND CLAIM FOR RELIEF
### (Title VII Gender Discrimination – Pregnancy Discrimination )

28.   Plaintiff hereby realleges paragraphs 1 through 27 above and incorporates same herein.

29.     Plaintiff is a female who was pregnant during all times relevant to this case, and therefore is a member of a protected class.

30.     Plaintiff was qualified and performed her job satisfactorily.

31.     Plaintiff suffered the following adverse employment actions: Defendant Weld County terminated the employment of Mrs. Hembree, denied her work hours (including the opportunity for overtime pay) after she was rehired, and otherwise discriminating against Mrs. Hembree in the terms and conditions of employment, and by retaliating against Plaintiff.

32.     Plaintiff's pregnancy was a motivating factor in Defendant Weld County's decision to terminate the employment of Mrs. Hembree, and otherwise discriminating against Mrs. Hembree in the terms and conditions.

## THIRD CLAIM FOR RELIEF
### (FMLA)

33.     Plaintiff hereby realleges paragraphs 1 through 32 above and incorporates same herein.

34.     Weld County interfered with, restrained, or denied the exercise of or the attempt to exercise Mrs. Hembree's rights provided under the FMLA.

## FOURTH CLAIM FOR RELIEF
### (Civil Rights)

35.     Plaintiff hereby realleges paragraphs 1 through 34 above and incorporates same herein.

36.     The actions of the defendant was "under color" of the authority of the State of Colorado.

6

37.    Mrs. Hembree's sex was a substantial or motivating factor in the defendant's decision to discharge Mrs. Hembree, to deny Mrs. Hembree hours, including overtime, comparable to male employees, to retaliate against Mrs. Hembree for exercising her rights to take leave under the FMLA, and otherwise discriminating against Mrs. Hembree in the terms and conditions of her employment due to her gender, all in violation of Mrs. Hembree's rights under the above-referenced federal statutes.

38.    The defendant's acts were the proximate or legal cause of the plaintiff's damages.


WHEREFORE, Plaintiff prays for judgment against the Defendant and that the Court do the following:

a.    Award Plaintiff her damages, compensatory, general and specific, actual, and otherwise, in an amount to be determined at trial;

b.    Award Plaintiff exemplary or punitive damages;

c.    Award Plaintiff interest, both pre-judgment and post-judgment, as allowed by law; Order appropriate injunctive relief;

d.    Award Plaintiff damages for back pay and benefits, and loss of future income, in an amount to be determined at trial.

e.    Award Plaintiff reasonable attorneys fees, costs and expenses;

f.    Award expert witness fees, all as provided by law; and

g.    Award Plaintiff such other and further relief as this court deems equitable, just and proper.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

7

Respectfully submitted this  26th  day of  December, 2006.


By:     **s/ Lonn M. Heymann**
Lonn M. Heymann
LONN HEYMANN LAW FIRM, P.C.
1439 Court Place
Denver, Colorado 80202
Telephone: (303) 825-9100
FAX:  (303) 623-2101
lonn@heymannlawfirm.com
ATTORNEY FOR PLAINTIFF
HEATHER HEMBREE

8