IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02578-RPM-MEH

HEATHER A. HEMBREE,

 Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO d/b/a WELD COUNTY DIVISION OF HUMAN SERVICES' TRANSPORTATION DEPARTMENT,

 Defendant.

## DEFENDANT WELD COUNTY, COLORADO'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Weld County Colorado, a governmental entity, through its attorneys Hall & Evans, L.L.C., submits the following Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint:

## ANSWER

## JURISDICTIONAL ALLEGATIONS AND VENUE

1. Defendant admits that Plaintiff brings various claims alleging discrimination under federal laws, but states that Plaintiff's claims are without merit and Plaintiff is not entitled to any of the relief sought by her Complaint. Defendant admits that this Court possesses jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1343(3)-(4) to any extent such claims may be asserted by Plaintiff in proper fashion. Defendant denies all of the remaining allegations of Paragraph 1.

2. Defendant admits venue is proper in this District. Defendant denies all of the remaining allegations of Paragraph 2, including any assertion that any event or omission gave rise to any claim.

3. Defendant admits that Plaintiff filed a charge of discrimination with the Colorado Civil Rights Division on or about December 10, 2005 and that the CCRD issued a notice of right to sue on or about August 1, 2006. It also appears that the EEOC issued a notice of right to sue on or about September 27, 2006. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of Plaintiff's allegations in Paragraph 3 on that basis denies those allegations.

## PARTIES

4. On information and belief, Defendant admits the allegations of Paragraph 4.

5. Defendant admits that Plaintiff worked for Defendant from February 20, 2002 through August 9, 2005. Weld County is a public entity and acts only through the Board of County Commissioners of Weld County, as reflected in the provisions of the county's home rule charter. As such, only the Board of County Commissioners of Weld County, Colorado could be a proper party defendant in this lawsuit. Defendant denies all of the remaining allegations of Paragraph 5.

6. Defendant admits that Plaintiff worked for Defendant from February 20, 2002 through August 9, 2005. Defendant admits that Plaintiff worked as a Bus Driver I. Defendant denies all of the remaining allegations of Paragraph 6.

7. Defendant admits that Plaintiff worked for Defendant from February 20, 2002 through August 9, 2005. Defendant admits that it has more than 15 employees. Weld County is

a public entity and acts only through the Board of County Commissioners of Weld County, as reflected in the provisions of the county's home rule charter. As such, only the Board of County Commissioners of Weld County, Colorado could be a proper party defendant in this lawsuit. Defendant denies all of the remaining allegations of Paragraph 7.

8.     Defendant admits that Walt Speckman, Patsy Drewer, and Mike Yost were employed by the Defendant during the times relevant to this case and that one or more of them may have supervised the Plaintiff during her employment. Defendant denies that any communications which may or may not have occurred between Mr. Speckman, Ms. Drewer, Mr. Yost and the Plaintiff support Plaintiff's claims for relief. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of Plaintiff's allegations in Paragraph 8 on that basis denies those allegations.

## ADMINISTRATIVE PROCEDURES

9.     Defendant admits that Plaintiff filed a charge of discrimination with the Colorado Civil Rights Division on or about December 10, 2005 and that the CCRD issued a notice of right to sue on or about August 1, 2006. It also appears that the EEOC issued a notice of right to sue on or about September 27, 2006. Defendant admits that Plaintiff made various allegations in her charge of discrimination, but states Plaintiff's allegations are without merit. Defendant states that the charge of discrimination speaks for itself and denies any allegations inconsistent therewith. Defendant denies all of the remaining allegations of Paragraph 9, including any assertion that any event or omission gave rise to any claim.

10.    Defendant states that the allegations of Paragraph 10 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

3

allegations of Paragraph 10.  Moreover, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation that this action was timely filed and on that basis denies those allegations.  Defendant denies all of the remaining allegations of Paragraph 10.

## GENERAL ALLEGATIONS

11. Defendant admits that one or more employees of Weld County were responsible for assigning buses, specific jobs on the buses, and the number of hours worked.  Defendant denies that these functions were performed by a single person and denies the implication that these assignments were made without input from the bus drivers themselves.  Defendant denies all of the remaining allegations of Paragraph 11.

12. Defendant admits that bus drivers employed by Weld County worked with Head Start and that some drivers drove the minibuses and some drivers acted as monitors for the children.  Defendant denies that there is an entity called "Weld County Minibus Division." Defendant denies all of the remaining allegations of Paragraph 12.

13. Defendant denies all of the allegations of Paragraph 13.

14. Defendant denies all of the allegations of Paragraph 14.

15. Defendant admits that some of its employees did not possess a CDL license upon hire, but states that all bus drivers were required to obtain such a license within a limited timeframe after beginning their employment.  Defendant denies all of the remaining allegations of Paragraph 15.

16. Defendant admits that Plaintiff took time off from work on several occasions. Defendant denies that Plaintiff was entitled to take time off from work under the provisions of the FMLA. Defendant denies all of the remaining allegations of Paragraph 16.

17. Defendant denies all of the allegations of Paragraph 17.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 18 on that basis denies those allegations.

19. Defendant admits that Plaintiff took an unpaid leave of absence beginning on or about July 27, 2005 and that she returned to work on or about April 3, 2006. Defendant denies that Plaintiff was "rehired." Defendant denies all of the remaining allegations of Paragraph 19.

20. Defendant denies all of the allegations of Paragraph 20.

21. Defendant denies all of the allegations of Paragraph 21.

22. Defendant states that the allegations of Paragraph 22 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

## FIRST CLAIM FOR RELIEF

23. Defendant incorporates its responses to all previous paragraphs by reference in response to Paragraph 23.

24. Defendant admits the allegations of Paragraph 24, but denies that Plaintiff's claims of discrimination are meritorious.

25. Defendant denies all of the allegations of Paragraph 25.

26. Defendant denies all of the allegations of Paragraph 26.

27. Defendant denies all of the allegations of Paragraph 27.

## SECOND CLAIM FOR RELIEF

28. Defendant incorporates its responses to all previous paragraphs by reference in response to Paragraph 28.

29. Defendant admits that Plaintiff is a female and admits that Plaintiff was pregnant during some portion of the time relevant to this case. Defendant denies all of the remaining allegations of Paragraph 29.

30. Defendant denies all of the allegations of Paragraph 30.

31. Defendant denies all of the allegations of Paragraph 31.

32. Defendant denies all of the allegations of Paragraph 32.

## THIRD CLAIM FOR RELIEF

33. Defendant incorporates its responses to all previous paragraphs by reference in response to Paragraph 33.

34. Defendant denies all of the allegations of Paragraph 34.

## FOURTH CLAIM FOR RELIEF

35. Defendant incorporates its responses to all previous paragraphs by reference in response to Paragraph 35.

36. Defendant denies all of the allegations of Paragraph 36.

37. Defendant denies all of the allegations of Paragraph 37.

38. Defendant denies all of the allegations of Paragraph 38.

## STATEMENT OF DENIAL OF ALLEGATIONS NOT SPECIFICALLY ADMITTED

Defendant expressly denies any and all allegations of the Complaint not specifically admitted herein.

## **PRAYER FOR RELIEF**

Defendant denies all of the allegations following the word "Wherefore," on page 7 of Plaintiff's Complaint and denies that Plaintiff is entitled to any of the relief sought.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted against Defendant.

2. All actions taken by Defendant with respect to Plaintiff's employment were reasonable under the circumstances, taken in the course and scope of her employment, in the good faith performance of the duties of Weld County employees, for legitimate business reasons, for the purpose of serving Defendant and in the good faith belief that Defendant and its employees acted in compliance with applicable laws and regulations.  All such actions were based on legitimate factors, with no action taken in relation to the Plaintiff's race, color, national origin, gender, age, or any "protected activity" of the Plaintiff.

3. Defendant possessed good and sufficient cause for all actions taken in relation to Plaintiff's employment.

4. Some or all of the damages alleged, if any, by Plaintiff were caused by the actions of third parties, including Plaintiff herself, or circumstances over which the Defendant possessed no right of control or actual control.  The deadline for designation of non-parties is not passed.  Discovery as to the involvement of as-yet unknown third parties will follow.  If Defendant designates non-parties by the operative cut-off, then Plaintiff's claims against Defendant must be barred or reduced as a result of fault of Plaintiff and/or any such unnamed third parties over whom Defendant had no control or right of control.

5. Upon information and belief, Plaintiff failed to mitigate her damages, if any, as required by law.

6. Defendant would take the same actions with respect to Plaintiff's employment in the absence of Plaintiff's race, color, national origin, gender, age, and any alleged "protected activity" of the Plaintiff.

7. On information and belief, Plaintiff failed to exhaust her administrative remedies with respect to some or all of her claims or allegations.

8. Plaintiff's claims for punitive damages, if any, are barred, reduced, or in the alternative, unconstitutional and violate Defendant's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Section 25 of the Colorado Constitution. Moreover, Plaintiff is barred from seeking punitive damages against this Defendant because it is a public entity.

9. Defendant never breached any duty owed Plaintiff at any time in the course of her employment with Defendant Weld County.

10. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources.

11. Any actions taken by Defendant in relation to Plaintiff were taken for legitimate non-discriminatory business reasons.

12. At all times pertinent herein, Defendant and its employees acted in accordance with all common law, statutory, constitutional and contractual obligations and without any intent to cause Plaintiff harm.

13. Defendant took prompt, effective remedial action in relation to Plaintiff as to any claim Plaintiff actually made that she was a victim of alleged misconduct with respect to Plaintiff's employment.

14. All or part of Plaintiff's claims are barred, or limited, or controlled by Plaintiff's failure to complain pursuant to the applicable policies or procedures of Defendant Weld County.

15. Some or all of the Plaintiff's claims are barred by the applicable statutes of limitations.

16. No reasonable employee could interpret anything alleged by Plaintiff as retaliatory in any manner within respect to this matter.

17. Any actions taken by Defendants were the result of bona fide, good faith business judgment. Plaintiff's claims are barred by the doctrine of judgmental immunity.

18. Plaintiff's claims are barred by the doctrines of consent and waiver.

19. Defendant reserves the right to add additional defenses and affirmative defenses as become necessary due to facts developed during discovery.

WHEREFORE, Defendant, having answered Plaintiff's Complaint and having asserted defenses and affirmative defenses in response thereto, request dismissal of the Plaintiff's Complaint with prejudice, its costs and fees in defending this action, and such other relief as this Court deems appropriate.

DEFENDANT DEMANDS A JURY TRIAL WITH RESPECT TO ALL CLAIMS PROPERLY TRIED TO A JURY.

Dated this 2nd day of April, 2007.

HALL & EVANS, L.L.C.

By: s/ *Katherine M.L. Pratt*
    Thomas J. Lyons, Esq.
    Katherine M.L. Pratt, Esq.
    Hall & Evans, L.L.C.
    1125 – 17th Street, Suite 600
    Denver, Colorado 80202
    Phone: 303-628-3477
    E-mail: lyonst@hallevans.com
    E-mail: prattk@hallevans.com
    Counsel for Defendant
    *(filed electronically, original signature on file with counsel)*

CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 2nd day of April 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following e-mail address:

Lonn M. Heymann, Esq.
Lonn, Heymann Law Firm, P.C.
1439 Court Place
Denver, CO  80202
Phone:  (303) 825-9100
Fax:     (303) 832-6947
lonn@heymannlawfirm.com

And hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

**Client:**

Cyndy Giauque, Esq.                    **Via U.S. Mail**
Assistant Weld County Attorney
915 10th Street
P.O. Box 758
Greeley, CO  80632

                                                *s/Martha Fiser, Secretary to*
                                                Thomas J. Lyons, Esq.
                                                Katherine M.L. Pratt, Esq.
                                                HALL & EVANS, L.L.C.
                                                1125 17th Street, Suite 600
                                                Denver, Colorado 80202
                                                Phone:   303-628-3300
                                                Fax:      303-293-3238
                                                lyonst@hallevans.com
                                                prattk@hallevans.com
                                                *Counsel for Defendant*
                                                (filed electronically, original signature on file with counsel)