IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02578-RPM

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

HEATHER A. HEMBREE,

JUN 1 8 2007

     Plaintiff,

GREGORY C. ...

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO d/b/a WELD
COUNTY DIVISION OF HUMAN SERVICES' TRANSPORTATION DEPARTMENT,

     Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A scheduling conference was scheduled for June 5, 2007, at 10:30 a.m. in the Conference Room,
Second Floor, Byron White United States Courthouse.

A.     Counsel for Plaintiff Heather A. Hembree:

Lonn M. Heymann, Esq.
Lonn Heymann Law Firm, P.C.
1439 Court Place
Denver, CO 80202
Telephone: 303-825-9100

B.     Counsel for Defendant Board of County Commissioners, Weld County, Colorado

Thomas Lyons, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628-3300
Attorneys for Defendants

## 2.   STATEMENT OF JURISDICTION

The Plaintiff claims subject matter jurisdiction pursuant to 28 U.S.C. § 1331, relating to federal question and 28 U.S.C. §1343(3) and (4) which grant original jurisdiction to the Federal District Court in actions that arise under federal civil rights laws.  Plaintiff claims that she has exhausted all necessary administrative remedies pursuant to 42 U.S.C. §§ 2000e, et seq.  The defense agrees that such statutes exist but cannot agree respecting their applicability here in the absence of discovery.  Venue in this matter is proper.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff's Claims:

This action for damages is commenced pursuant to 42 U.S.C. §§2000e, et seq., otherwise known as Title VII of the Civil Rights Act of 1964, including §2000e(k), otherwise known as the Pregnancy Discrimination Act of 1978, pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981a, pursuant to 42 U.S.C. §1983, and pursuant to 29 U.S.C. §2615(a)(1), otherwise known as the Family and Medical Leave Act of 1993.

On July 27, 2005, Heather Hembree was dismissed from her position as a CDL licensed mini-bus driver for pre-school children in the Weld County Head Start Program.  Mrs. Hembree had received no negative reviews, had no accidents and no tickets during more than three years as a min-bus driver.

Mrs. Hembree was dismissed after her July 12, 2005, meeting with Walt Speckman, Director of Human Services for Weld County, where she raised concerns about womens' hours being cut in order to give men additional hours and raised concerns about being retaliated against for taking medical leave by depriving her of work hours.

2

After learning that Mrs. Hembree was pregnant, her immediate supervisors, Patsy Drewer and Mike Yost, notified her on July 19, 2005, that she would be required to obtain a doctor's note assuring that she could lift 70 lbs. Mrs. Hembree's physician refused to comply and restricted her to lifting 20 lbs. Mrs. Hembree and similarly situated employees who were not pregnant had never been subjected to the weight requirement, and some similarly situated employees who were not pregnant could not lift 70 lbs. Mrs. Hembree was capable and willing to work through her entire pregnancy, as she had done twice before. Any issue regarding lifting weights above 20 lbs. could easily have been addressed by having another driver monitor, moving the food trays and lifting the pre-school children. (Women were disproportionately assigned the monitoring role.) After Mrs. Hembree was dismissed, on July 27, 2005, she raised many of these concerns to Mr. Speckman and also indicated that she had been informed that she was being retaliated against for coming to him on July 12. Mr. Speckman did not act. Mrs. Hembree requested a meeting with Patsy Drewer and Mike Yost on August 2, 2005. Mrs. Hembree raised the fact that a similarly situated employee who was not pregnant was offered office work when she suffered injuries from a car accident. Patsy Drewer and Mike Yost, refused to give Mrs. Hembree an office position, although she was qualified.

The plaintiff submits the following amendments and corrections with respect to the Complaint and Jury Demand, filed on December 26, 2006:

i.  Paragraph 9 – On or about October 18, 2005, Mrs. Hembree submitted an Intake Questionnaire for Potential Charging Party (PCP) to the Equal Employment Opportunity Commission (EEOC). On or about December 8, 2005, Mrs. Hembree timely filed a Charge of Discrimination with the EEOC (Charge Number 32A200600125). In her Charge of Discrimination and Statement of

3

Discrimination, Mrs. Hembree alleged, *inter alia*, gender discrimination in wages and hours, pregnancy discrimination resulting her termination and retaliation. On September 28, 2006, the U.S. Department of Justice, Employment Litigation Section, mailed a Notice Of Right To Sue Within 90 Days (dated September 27, 2006) to Ms. [sic.] Heather A. Hembree.

ii.    Paragraph 18 - On March 8, 2006, Mrs. Hembree's daughter, Bailey was born.

iii.    Header/Paragraph 27 – **FIRST CLAIM FOR RELIEF (Title VII Gender Discrimination)** / Plaintiff's gender was a motivating factor in Defendant Weld County's decision to terminate the employment of Mrs. Hembree, and otherwise discriminating against Mrs. Hembree in the terms and conditions of employment, and to retaliate against Mrs. Hembree.

iv.    Paragraph 34 – Weld County interfered with, restrained, or denied the exercise of or the attempt to exercise Mrs. Hembree's rights provided under the FMLA, and retaliated against Mrs. Hembree for exercising her rights to take leave under the FMLA.

b.    Defendant's Defenses:

Plaintiff worked for Weld County from February 20, 2002 through August 9, 2006. Weld County is a public entity and acts only through the Board of County Commissioners of Weld County, as reflected in the provisions of the county's home rule charter. Only the Board of County Commissioners of Weld County, Colorado could be a proper party defendant in this lawsuit. Walt Speckman, Patsy Drewer, and Mike Yost were employed by Weld County and may have supervised Plaintiff during her employment. Various individuals working for the county scheduled other employees and various employees drove vehicles for the County during

4

Plaintiff's employment, including Plaintiff. Plaintiff took an unpaid leave of absence during her employment with the county. At no time was Plaintiff subjected to any form of discrimination or other illegal behavior. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted, while all actions of the county respecting Plaintiff's employment were reasonable under the circumstances, taken in the course and scope of her employment, in the good faith performance of the duties of Weld County employees, for legitimate business reasons, for the purpose of serving Defendant and in the good faith belief that Defendant and its employees acted in compliance with applicable laws and regulations. All such actions were based on legitimate factors, with no action taken in relation to the Plaintiff's race, color, national origin, gender, age, or any "protected activity" of the Plaintiff and the county would take the same actions with respect to Plaintiff's employment whatever Plaintiff's race, color, national origin, gender, age, and any alleged "protected activity" of the Plaintiff. Weld County possessed good and sufficient cause for all actions taken in relation to Plaintiff's employment. Some or all of the damages alleged, if any, by Plaintiff were caused by the actions of third parties, including Plaintiff herself, or circumstances over which the County possessed no right of control or actual control. Discovery as to the involvement of as-yet unknown third parties will follow. If non-parties were responsible for any claims generated by Plaintiff, her claims against the county must be barred or reduced as a result of the responsibility of such others or that of Plaintiff. The county possessed no right of control or control over such others. On information and belief, Plaintiff failed to mitigate her damages, if any, as required by law and Plaintiff failed to exhaust her administrative remedies with respect to some or all of her claims or allegations. Plaintiff's claims for punitive damages, if any, are barred, reduced, or in the alternative, unconstitutional and violate Defendant's right to due process under the Fifth and Fourteenth Amendments to the United

5

States Constitution, and Article II, Section 25 of the Colorado Constitution. Moreover, Plaintiff is barred from seeking punitive damages against the county because it is a public entity. The county never breached any duty owed Plaintiff at any time in the course of her employment with Weld County. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources. Any actions taken by the county in relation to Plaintiff were taken for legitimate non-discriminatory business reasons. At all times, the county and its employees acted in accordance with all common law, statutory, constitutional and contractual obligations and without any intent to cause Plaintiff harm. The county took prompt, effective remedial action in relation to Plaintiff as to any claim Plaintiff actually made that she was a victim of alleged misconduct with respect to Plaintiff's employment. All or part of Plaintiff's claims are barred, or limited, or controlled by Plaintiff's failure to complain pursuant to the applicable policies or procedures of Defendant Weld County. Some or all of the Plaintiff's claims are barred by the applicable statutes of limitations. No reasonable employee could interpret anything alleged by Plaintiff as retaliatory in any manner within respect to this matter. Any actions taken by Defendants were the result of bona fide, good faith business judgment. Plaintiff's claims are barred by the doctrine of judgmental immunity. Plaintiff's claims are barred by the doctrines of consent and waiver. The county reserves the right to add additional defenses and affirmative defenses as become necessary due to facts developed during discovery.

The Defendant submits the following amendments to its affirmative defenses:

1.      Plaintiff did not qualify for FMLA leave.

### 4.      UNDISPUTED FACTS

The following facts are undisputed: None.

6

## 5. COMPUTATION OF DAMAGES

The plaintiff has incurred economic damages due to lost wages and benefits. Past lost wages include the wages lost after she was fired through the time that she was rehired after her pregnancy. Past lost wages also include hours denied to the plaintiff, benefits denied to the plaintiff and overtime denied to the plaintiff. Past wages also include those wages lost due to the disparity in hours between men and women. These damages amount to approximately $20,000.00.

The plaintiff also incurred consequential damages after she was fired. She was forced to get a second mortgage on her home in October of 2005 in order to the pay her bills. The fees and costs relating to this loan, as well as the interest due, were the consequence of Ms. Hembree's termination. These damages are estimated at $5,000.00.

It is early in the litigation and the total amount of damages based on lost wages and other consequential damages will be provided after experts are consulted.

Plaintiff has also incurred the following compensatory damages: emotional distress, embarrassment, inconvenience, loss of sleep, anxiety, loss of enjoyment of life, lost economic opportunity, travel and miscellaneous expenses, and the like. Compensatory damages will be determined by a jury. However, the plaintiff estimates that her damages, economic and non-economic, are approximately $25,000.00 and $20,000.00 respectively. The plaintiff seeks $45,000.00 in actual damages.

Plaintiff also seeks interest as allowed by law, costs, expert witness fees, reasonable attorney fees pursuant to 42 U.S.C. § 1988, or as otherwise allowed by law, and any other and

7

further relief that this Court shall deem just and proper.

DEFENDANT:

Weld County seeks no damages in this matter but reserves the right to pursue costs and attorney fees in connection with this matter in an appropriate manner.

## 6.    REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. R. 26(f)

a.    The Rule 26(f) conference occurred on May 17, 2007 by phone. This date was extended by agreement due to counsels' scheduling conflicts.

b.    Lonn Heymann participated on behalf of the plaintiff. Katherine Pratt participated on behalf of the defendant.

c.    Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): None.

d.    Rule 26(a)(1) disclosures were exchanged on May 24, 2007.

e.    The parties do not agree to conduct joint interviews of potential witnesses or other informal discovery, although consideration of such agreement will continue. The parties did not yet agree to joint meetings with clients to discuss settlement.

f.    The parties made no agreement or proposal regarding electronic discovery. Defendant does not anticipate this case will involve substantial electronic discovery because: (1) no substantive allegations involve any extensive computer-generated records, (2) an insubstantial amount of disclosure or discovery will involve information or records in electronic form (e.g., e-mail, word processing, databases); (3) it is highly unlikely an expert witness will develop

8

testimony based in large part on computer data and/or modeling; and (4) Defendant does not plan to present a substantial amount of evidence in digital form at trial.

g.      The parties made no agreement or proposal to reduce discovery and other litigation costs. Defendant states: (1) the majority of the witnesses (if not all of them) are likely to be Colorado residents, making telephonic depositions unnecessary; (2) this case is not likely to involve a large number of documents; therefore, a joint repository of documents is not necessary; (3) given the nature of Plaintiff's allegations, the use of discovery from other cases is not possible; and (4) Defendant did not yet decide whether it will require expert testimony in defending against Plaintiff's claims, but states that it will likely require depositions of any treating physicians.

h.      The parties agree to use of a unified exhibit numbering to any extent it becomes apparent such a system is necessary due to the number of documentary exhibits.

## 7.      CASE PLAN AND SCHEDULE

a.      Joinder of Parties and Amendment of Pleadings: Motions to amend the pleadings and motions for joinder of additional parties shall be filed not later than July 31, 2007. (This portion of the scheduling order applies to timing only. It does not eliminate the necessity for filing an appropriate motion or otherwise complying with Fed. R. Civ. P. 15.)

b.      Discovery Cut-off: The discovery cut off for lay and expert witnesses is January 7, 2008.

c.      Dispositive Motion Deadline: Dispositive Motions shall be filed by or before February 25, 2008.

d.      Expert Witness Disclosure: Please see sections d.3. and d.4. below.

1.      Anticipated fields of testimony:

a.      Plaintiff may call experts in the field of medicine (treating physician regarding pregnancy

9

and physical/psychological effect of defendant's conduct). Plaintiff may call an expert in the field of economics (to establish lost wages and benefits). Plaintiff may call experts in any field designated by Defendant.

b.      Defendant may call experts in any field designated by Plaintiff.

2.      The parties may designate up to three (3) expert witnesses per side, not including non-retained treating medical service providers.

3.      The parties shall designate all experts and provide opposing counsel with all information identified in Fed. R. Civ. P. 26(a) (2) on or before November 5, 2007.

4.      The parties shall designate all rebuttal experts and provide opposing counsel with all information identified in Fed. R. Civ. P. 26(a) (2) on or before December 5, 2007.

5.      Notwithstanding the provisions of Fed. R. Civ. P. 26(a) (2) (B), no exception to the requirements of the rule by stipulation of the parties or their counsel shall be effective without the approval of the court.

e.      Deposition Schedule:

Plaintiff:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Patsy Drewer | TBD | | Seven hours |
| 30(b)(6) | TBD | | |
| Mike Yost | TBD | | Seven hours |
| Walt Speckman | TBD | | Seven hours |
| | TBD | | |
| | TBD | | |
| | TBD | | |
| | TBD | | |
| | TBD | | |

10

Defendant:

| Plaintiff Heather Hembree | TBD | 9:00 a.m. | Seven hours |
|---|---|---|---|
| | TBD | | |
| | TBD | | |
| | TBD | | |
| | TBA | | |

f.      Interrogatory Schedule

The Parties shall serve all interrogatories prior to December 5, 2007.

g.      Schedule for Request for Production of Documents

The Parties shall serve all Requests for Production prior to December 5, 2007.

h.      Discovery Limitations

1.      The parties shall be limited to ten depositions per side, not including expert depositions or depositions to preserve testimony.

2.      The parties shall limit depositions to seven hours, including 30(b)(6) deponents or expert deponents, without court approval.

3.      The parties agree that each side shall propound no more than twenty-five interrogatories, not including related sub-parts.

4.      The parties agree that each side will be limited to twenty-five requests for production of documents and twenty-five requests for admissions.

11

## 8. SETTLEMENT

The parties discussed settlement in the course of generating the proposed Scheduling Order. During that discussion, Plaintiff's counsel indicated interest in conducting depositions at an early date. Defense counsel invited Plaintiff and her counsel to submit a written expression of their settlement position, including an expression of the factual basis for that position, at the very earliest opportunity for consideration by the defense. The parties may further discuss settlement in the future.

## 9. OTHER SCHEDULING ISSUES

A.      After a good-faith effort, counsel did not reach an agreement on the following discovery issues: NONE

B.      A five-day jury trial is requested.

## 10. AMENDMENT TO SCHEDULING ORDER

This Scheduling Order may be altered or amended by the Court only upon a showing of good cause.

Dated this 18th day of June 2007.


BY THE COURT:

Richard P. Matsch
Senior United States District Judge

12

COUNSEL FOR THE PARTIES:

s/ Lonn M. Heymann

Lonn M. Heymann, Esq.
Lonn Heymann Law Firm, P.C.
1439 Court Place
Denver, CO 80202
(303) 825-9100
Attorneys for Plaintiff

s/ Katherine M.L. Pratt

Thomas Lyons, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628-3300
Attorneys for Defendant

13

FROM :                                    FAX NO. :                          Jun. 15 2007 03:35PM  P2

COUNSEL FOR THE PARTIES:

s/ Lonn M. Heymann

Lonn M. Heymann, Esq.
Lonn Heymann Law Firm, P.C.
1439 Court Place
Denver, CO 80202
(303) 825-9100
Attorneys for Plaintiff

s/ Katherine M.L. Pratt

Thomas Lyons, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628-3300
Attorneys for Defendant

13